Josephine SYERS, Appellant,

v.

Vesle SYERS et al., Appellees.

No. 10617.

Court of Civil Appeals of Texas.

Austin.

Dec. 10, 1958.

Rehearing Denied Jan. 7, 1959.

D. H. O'Fiel, Beaumont, for appellant.

Cunningham, Peyton & Cunningham, Beaumont, for appellees.

ARCHER, Chief Justice.

This is a suit in partition by plaintiff Josephine Syers, owner of an undivided 13⁄14ths interest in and to approximately ten acres of land in the Thomas Spear League in Jefferson County, Texas. By her pleadings, plaintiff, appellant herein, alleged that the land was susceptible of partition and sought a partition of the property.

The defendant S. Leleux, appellee herein, owner of an undivided 1⁄14th interest in the tract, by his answer denied that the land was susceptible of partition and asked that same be sold as under execution to the highest bidder for cash.

The case was tried to the court without a jury and upon the conclusion of the evidence, the court rendered its judgment that the land was not capable of partition and decreed that the land be sold as under execution at public sale and that the proceeds be divided by the parties, the court finding that the parties owned the respective interest as above set forth.

The court made findings of fact and conclusions of law, which were excepted to by appellant, and who requested additional findings and conclusions which were overruled.

The appeal is founded on eight points assigned as error and are to the effect that there was no evidence or any substantial evidence to support the judgment that the land was not capable of being partitioned in kind, and the court's finding is without evidence or substantial evidence that the land is not capable of being partitioned; that the court erred in refusing to find that the land and improvements had a reasonable market value of $7,500, and in refusing to find that the land alone had a market value of $500 per acre; in refusing to find that the land could be partitioned so that a sufficient quantity of land could be set aside to the defendant, appellee herein, as would equal 1⁄14th interest in the whole tract, and could be carved out of land fronting on the Helbig Road either to the south or north of the improvements.

All of the points are grouped for presentation.

It was stipulated that the plaintiff owned 13⁄14ths and the defendant 1⁄14th of the property and that the only issue to be determined was whether the property was susceptible of being partitioned in kind.

We believe that the land is susceptible of partition based on the evidence before the court and in the record.

A witness for appellant testified that the land had a value of $5,000 and the improvements $2,500 and that the land was susceptible of partition in kind.

The appellee testified:

"Q. You are not telling the Court, Mr. Leleux, that with the physical set up of this property, that it is incapable of being partitioned—that is, that somewhere in this tract you could have set aside to you your land there? A. I imagine it could be done.

\*     \*     \*     \*     \*     \*

"Q. And depending on the decision of the commissioners that they might make, it is entirely possible and plausible that this land could be so divided that you could receive sufficient land, whether fronting on Plant Road or Helbig Road, so that you took land of the value of your undivided one fourteenth interest in the entire tract? That's correct, isn't it? A. It is possible that it could be, yes, but by my understanding—

\*     \*     \*     \*     \*     \*

"Q. Well, of course, you are not fixing any values upon that tract are you? What if they gave you a frontage of 100 feet with a depth of 150 feet, you could make use of that, couldn't you? A. No doubt.

"Q. If they gave you a 50-foot frontage with 150 feet depth, you could make use of it? A. That's right."

The land fronts 300 feet on Helbig Road and has a depth of 1320 feet with an un-

improved, but passable, road extending the length of the tract from Helbig Road.

The Trial Court's judgment is reversed and the cause remanded to the Trial Court with instructions to proceed under the appropriate statutes to the appointment of commissioners and the consideration of the report of the commissioners, and to approval thereof as provided by law.

Reversed and remanded with instructions.

HUGHES, J., not sitting.